# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ROBERT HUTCHINS,
  *Plaintiff*,

v.            No. 3:16-cv-00999 (JAM)

ANTHONY J. CAMARDELLA, *et al.*,
  *Defendants*.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

  Plaintiff Robert Hutchins has filed an amended complaint *pro se* under 42 U.S.C. § 1983 against fourteen named defendants and an additional ten anonymous Jane and John Does. Plaintiff's claims arise from criminal proceedings in which he was charged with several crimes, adjudicated incompetent to stand trial, and involuntarily committed to the Connecticut Department of Mental Health and Addiction Services. The named defendants include the public defenders that represented plaintiff in the criminal proceedings, Maya Sparks and Barry Butler, as well as several police officers involved in the criminal charges, including John Brown, Jeffrey Stempien, and Michael Vangroski. To the extent that can be gleaned from plaintiff's 168 page amended complaint, plaintiff appears to allege that defendants violated his rights under the Fourth, Sixth, and Fourteenth Amendments, and committed various torts, including breach of contract, negligent and intentional infliction of emotional distress, and legal malpractice.

  Defendants Sparks and Butler now move to dismiss this case pursuant to Rule 12(b)(6) on the ground that they are not state actors subject to liability under § 1983. Defendants Brown, Stempien, and Vangroski move to dismiss pursuant to Rule 12(b)(2) and 12(b)(5) for lack of personal jurisdiction due to faulty service. The remaining defendants in this case were never served despite four extensions of time granted by this Court for service of process. For the

foregoing reasons, I will grant defendants' motions to dismiss and dismiss this case as to all remaining defendants.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because the focus must be on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a plausible claim for relief.

The Court liberally construes the pleadings of a *pro se* party in a non-technical manner to raise the strongest arguments that they suggest. *See, e.g.*, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017) (*per curiam*). Still, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Claims under § 1983 against non-state actors*

Plaintiff's principal claims against Sparks and Butler arise under § 1983 for various violations of plaintiff's constitutional rights. Section 1983 provides a cause of action "only

against persons acting under color of state law." *Tapp v. Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006). Generally, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Tapp*, 164 F. App'x at 108 (same). Sparks' and Butler's participation in the events described in the complaint falls squarely within the "traditional function" of a public defender as counsel to plaintiff during the course of his criminal and commitment proceedings. Nor has plaintiff alleged in anything but conclusory terms that his public defenders conspired with state actors, such that they should be deemed to be state actors liable under § 1983. *See ibid.* (rejecting a plaintiff's "wholly conclusory" claim that public defenders "conspired with judges and district attorneys to pursue his malicious prosecution"); *Ciambrello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (same). Accordingly, plaintiff's § 1983 claims against Sparks and Butler are insufficient as a matter of law and are dismissed.

***Insufficient Service of Process***

Defendants Jeffrey Stempien, Michael Vangroski, and John Brown have moved to dismiss plaintiff's claims for a lack of personal jurisdiction under Rule 12(b)(2) and for insufficient service of process under Rule 12(b)(5). In order for a federal court to exercise jurisdiction over defendants, "plaintiff's service of process upon the defendant must have been procedurally proper." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). When a defendant moves to dismiss for failure to serve process under Rule 12(b)(5), "the plaintiff bears the burden of proving adequate service." *Skipp v. Connecticut Judicial Branch*, 2015 WL 1401989, at *4 (D. Conn. 2015) (quoting *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

Rule 4(e) of the Federal Rules of Civil Procedure specifies that service may be effectuated by (1) complying with state law regarding service; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's home with someone of suitable age and discretion who resides there; or (4) delivering a copy of the summons and complaint to an agent authorized to receive service for the individual. *See* Fed. R. Civ. P. 4(e).

Connecticut law provides that service upon an individual may be made either by personally delivering the necessary documents to the individual, or by leaving them at his home. *See* Conn. Gen. Stat. § 52-57(a). It also states that process shall be served in a suit "against an employee of a town, city or borough in a cause of action arising from the employee's duties or employment, upon the clerk of the town, city or borough, provided two copies of such process shall be served upon the clerk and the clerk shall retain one copy and forward the second copy to the employee." Conn. Gen. Stat. § 52-57(b)(7).

Here, defendants John Brown and Jeffrey Stempien are police officers employed by the Greenwich Police Department, and defendant Michael Vongroski is a former officer of the department. Doc. #25-1 at 2-3. The Court granted plaintiff several extensions of time to effectuate service, the last of which gave plaintiff until January 21, 2017, to serve defendants. Doc. #12. Plaintiff's proof of service indicates that copies of service for John Brown and Jeffrey Stempien were given by a third party to Sergeant Ernest Mulhern at the Greenwich police department on January 21, 2017.[1] Doc. #37 at 2–3. Neither officer was on duty on that day. The packages were left on the officers' desks, and both discovered the packages when they reported for duty on January 23 and January 24, respectively. Doc. #25-1 at 7–8. Stempien alleges that the

---

[1] The proof of service lists the third party's name as "Balvino Tist" and address as 691 Pacific St #3, Stamford, N.Y. It is unclear whether this person or this address exist. Doc. #37 at 2.

4

package contained a copy of plaintiff's amended complaint but not the summons, while Brown does not recall whether the package contained a summons.

As for Vongroski, he discovered a package containing the summons and amended complaint on the front porch of his residence on January 23, 2017. Doc. #25-1 at 11. Plaintiff's proof of service indicates that a copy of service was left at Vongroski's front door on January 21, 2017. Doc. #37 at 4.

It is clear that plaintiff did not properly serve defendants Brown and Stempien using any of the methods permitted by the Federal Rules. It is undisputed that neither plaintiff nor his agent personally delivered a copy of the summons and complaint to defendants. Nor did they deliver them to their houses in accordance with Rule 4(e)(2)(A)-(B). The parties agree that plaintiff only attempted to effectuate service by providing a package to Sergeant Mulhern at the Greenwich Police Department. But there is no indication that Sergeant Mulhern was authorized by appointment or by law to receive service of process for defendants in accordance with Rule 4(e)(2)(C). Nor did plaintiff serve process to the clerk of the town in accordance with Conn. Gen. Stat. § 52-57(b)(7). *See Hiller v. Farmington Police Dep't,* 2015 WL 4619624, at *5 (D. Conn. 2015) (service of process for defendant police officer insufficient where process merely left with a sergeant at the police station).

Although plaintiff contends he served defendants under Conn. Gen. Stat. § 52-57(f)(2), this section is applicable only "[w]hen the other methods of service of process provided under this section or otherwise provided by law cannot be effected." Conn. Gen. Stat. § 52-57(f). Because there is no evidence that other methods of service could not be effected, this subsection is inapposite. Plaintiff also appears to advance some form of an estoppel argument based on Sergeant's Mulhern's alleged "promise that he would deliver each package to both Stempien and

5

Brown to consummate legal service to a law suit." Doc. #39 at 4. But plaintiff neither explains nor cites any authority to support an estoppel claim against defendants based on Sergeant Mulhern's alleged statements.

Plaintiff's service of Vangroski is similarly inadequate. Plaintiff's proof of service represents that a third party left a package at Vangroski's front door on January 21. Connecticut law permits process to be served on an individual by leaving a copy of it "at [defendant's] usual place of abode, in this state." Conn. Gen. Stat. § 52-57(a). However, there are several anomalies with plaintiff's proof of service that undermine its veracity. The proof of service lists "Balvino Tista" as the server, Doc. #37 at 4, while the proof of service for Brown and Stempien list "Balvino Tist," *id.* at 2-3. The proof of service documents list the server's address as "691 Pacific St #3 Stamford, NY," *id.* at 2, but a Google search reveals that no such address exists in New York. The same street address in Stamford, Connecticut is a vacant commercial lot.

Additionally, the proof of service for Vongroski indicates that the server left the summons at his address on January 21 and mailed a copy to his last known address. However, the receipt provided for proof of mailing shows that the mailing did not occur until January 28, 2017. Doc. #37 at 5. Given the irregularities regarding the server's name, his or her non-existent address, and the date of mailing, such documentation does not serve as adequate proof of timely service. Nor did plaintiff serve process to the clerk of the town in accordance with Conn. Gen. Stat. § 52-57(b)(7). Plaintiff has not sustained his burden to show that Vongroski was properly and timely served.

Plaintiff did not effectuate service of process as to the remaining defendants in this case at all. Therefore, the complaint is dismissed as to the remaining defendants on grounds of lack of service as well.

*Insufficient Pleadings under Rule 8*

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Dismissal of a complaint is generally reserved for those cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Plaintiff's amended complaint—with its 168 pages, 514 paragraphs, and an additional 100 pages of attachments—easily qualifies under this standard.[2] *See, e.g.*, *Shabtai v. Levande*, 38 F. App'x 684, 686 (2d Cir. 2002) (affirming dismissal with prejudice of complaint with 140 single-spaced pages and more than 900 paragraph). The amended complaint's factual and legal discussions are so verbose and muddled as to render the complaint incoherent. Accordingly, I dismiss the complaint on grounds of prolixity as to all defendants.

## CONCLUSION

The Court GRANTS the motions to dismiss (Docs. #22 and #25). The complaint is dismissed with prejudice as to defendants Maya Sparks and Barry Butler pursuant to Rule 12(b)(6) on the ground that they are not state actors subject to suit under 42 U.S.C. § 1983. The Court declines to exercise supplemental jurisdiction as to the state law claims against them. *See* 28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013). The complaint is dismissed with prejudice as to the remaining defendants,

---

[2] Plaintiff's own pagination indicates the complaint is actually 199 pages, though he apparently omitted multiple pages when filing the amended complaint.

including Brown, Stempien, and Vongroski, pursuant to Rules 12(b)(2) and 12(b)(5) due to insufficient service of process and Rule 8 due to prolixity.

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 29th day of December 2017.

/s/ *Jeffrey Alker Meyer*  
Jeffrey Alker Meyer  
United States District Judge